IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN P. ARIAS, | ) |
| Petitioner, | ) 4:99CV3326 |
| v. | ) |
| MICHAEL KENNEY, | ) MEMORANDUM AND ORDER ON |
| | ) RULE 60(b) MOTION |
| Respondent. | ) |

The Rule 60(b) Motion, filed May 16, 2006, will be denied.

My most recent order showing why the petitioner is entitled to no more relief than he already has had was issued by me under date of July 21, 2004, in a Memorandum and Order on Motion for Leave to Amend. As I said in that memorandum and as I said in my Order on Pending Motions of November 8, 2001, the petitioner was given a direct appeal, which is all he was entitled to. Mr. Arias is simply mistaken when he claims that there was no direct appeal allowed by the state system. Judge Sievers' Memorandum Opinion and Judgment on Appeal, filed September 25, 2002, says:

> This matter returns to this court via a Memorandum and Order on a Petition for Writ of Habeas Corpus from the U.S. District Court for the District of Nebraska authored by Warren K. Urbom, U.S. Senior District Judge, and dated February 7, 2001. As a consequent of that order <u>a new direct appeal was granted in the Nebraska Appellate Courts to John P. Arias, which was perfected in this court by a notice of appeal of October 23, 2001.</u> (Emphasis added).

Judge Sievers repeats thereafter in his memorandum opinion that he was

writing for the court on direct appeal.  For example, he said on page 4 that "Many of the issues now being raised on this direct appeal have already been litigated . . ."  In his conclusion on page 21 he says, "We have considered this matter as a direct appeal pursuant to Judge Urbom's order granting him such . . ."  He did take the position that many of the issues had been resolved previously and were subject to collateral estoppel, but that does not stop the fact that a direct appeal had been authorized and that he was writing in response to that direct appeal.  The Supreme Court of Nebraska, as it had a right to do under standard Nebraska procedures reviewed the appellant's petition for further review and entered an order that that petition was overruled "as untimely filed."

In response to the petitioner's Rule 60(b) Motion the respondent has filed a Motion to Strike "Affidavit."   It is asserted in that motion that what accompanied Mr. Arias' Rule 60(b) motion was not an affidavit, so should be stricken.  I think that assertion is not supported.   18 U.S.C. 1746 says:

> Whenever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> > (1)   If executed without the United States: "I declare (or

> certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
>
> (Signature).
>
> (2) If executed within the United States its territories, possessions or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
> (Signature).

The document titled "Affidavit" submitted by the petitioner meets the requirement of that section.

I agree with the respondent, however, that the affidavit is of little value in terms of factual matters, because it deals almost exclusively with the law or arguments about the law, but I do not find that it should be stricken. It meets the requirement of an affidavit.

The respondent has also filed a "Motion to Dismiss Rule 60(b) Motion," in which it is claimed that Rule 60(b)(5) is inapplicable to what the petitioner seeks, because it is limited to judgments that have been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise satisfied and none of those things has happened here. In a sense one of them has. My order of February 7, 2001, titled "Memorandum and Order on Petition for Writ of Habeas Corpus" has been satisfied by the reinstatement of the petitioner's direct appeal. But the petitioner is not seeking to be relieved of that order, which

by the first 25 or 30 words of Rule 60(b) is the scope of the purpose of the rule.

The Rule 60(b) Motion now before me has no merit. I have said before and I say again that the petitioner has received what he wanted--a direct appeal in his criminal case--and a motion claiming he did not get a direct appeal is a waste of time.

IT IS ORDERED:

1. the Motion to Strike "Affidavit" is denied;

2. the Motion to Dismiss Rule 60(b) Motion is granted; and

3. the Rule 60(b) Motion is denied.

Dated May 17, 2006.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge