IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN PAUL ARIAS, | ) | |
| | ) | |
| Petitioner, | ) | 4:99cv3326 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | (appeal) |
| MICHAEL KENNEY, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on (1) filing no. 55, the Notice of Appeal filed by the petitioner, John Paul Arias, and (2) filing no. 56, the petitioner's Application for Leave to Proceed In Forma Pauperis ("IFP") on appeal, supported by an Affidavit (filing no. 58). The petitioner appeals the Memorandum and Order on Motion to Alter (or Make Additional) Findings and Motion for Substitution of Parties (filing no. 54).

    Title 28, U.S.C. § 1915(a)(3) states: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." To proceed IFP on appeal, a petitioner must show both "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997).  The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  An appeal is not taken in good faith if the issue presented is frivolous.  Id.

    Upon consideration of the record in this action, I find that the petitioner's appeal is not taken in good faith.  During May and June of 2006, I denied a series of post-judgment motions filed by the petitioner, for the reasons I explained in filing nos. 51 and 54. Essentially, the petitioner received a new appeal in the state courts, and that appeal constituted all of the relief to which he was entitled.

    As this time, the petitioner appeals filing no. 54, my decision to deny (a) his Motion to Alter (or Make Additional) Findings (filing no. 52) and (b) his Motion for Substitution of Parties (filing no. 53).  I made my findings in my "Memorandum and Order on Rule 60(b) Motion" filed on May 17, 2006 (filing no. 51).  Also, as this case is closed, there is no reason to substitute parties, and the request for substitution is moot.  For those reasons, I find that the petitioner's appeal is frivolous and is not taken in good faith.  Therefore, the petitioner's motion for leave to proceed IFP on appeal is denied.

    If a district court determines that an appeal is not taken in good faith or that the

individual is not otherwise entitled to pauper status, the Clerk of the district court must serve notice of the district court's decision on the parties and the Court of Appeals. Fed. R. App. P. 24(a)(4). The appellant then has 30 days, following service of the Clerk's notice, to file a motion in the Court of Appeals for leave to proceed IFP on appeal. Fed. R. App. P. 24(a)(5). Such a motion in the Court of Appeals must be accompanied by a copy of the affidavit filed in the district court, or by a new affidavit if none was previously filed, and by a copy of the statement of reasons given by the district court for denial of IFP status on appeal. Id.

In addition, if a Certificate of Appealability (COA) is required for this appeal, I deny a COA in the circumstances of this case. Title 28, U.S.C. § 2253(c) and Fed. R. App. P. 22(b) indicate that in an action pursuant to 28 U.S.C. § 2254 by a prisoner in state custody, a notice of appeal triggers the requirement that the district judge who rendered the judgment either issue a COA or state the reasons why a COA should not issue. See generally Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right, which, in turn, requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), *citing* Barefoot v. Estelle, 463 U.S. 894 (1983) (defining the standard for a certificate of probable cause to appeal).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Similarly, if the district court denies a § 2254 motion on procedural grounds without reaching the underlying constitutional claims on the merits, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... would find it debatable whether the district court was correct in its procedural ruling .... Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." Id.

Upon review and consideration of the record and the applicable law, I conclude that the petitioner has failed to demonstrate that reasonable jurists would find this court's rulings debatable or wrong. Therefore, a certificate of appealablity will not issue.

THEREFORE, IT IS ORDERED:

      1.      That filing no. 56, the petitioner's Application for Leave to Proceed In Forma Pauperis ("IFP") on appeal, is denied;

      2.      That, pursuant to Fed. R. App. P. 24(a)(5), the petitioner has 30 days, after service of this Memorandum and Order, to file a motion with the Eighth Circuit Court of Appeals for leave to proceed IFP on appeal;

      3.      That a Certificate of Appealability is denied;

      4.      That the Clerk of Court shall send a copy of this Memorandum and Order to the parties and to the Eighth Circuit Court of Appeals as the notice required by Fed. R. App. P. 24(a)(4), and the Clerk shall process the appeal to the Eighth Circuit.

DATED this 26th day of July, 2006.

                            BY THE COURT:

                            s/ Warren K. Urbom
                            United States Senior District Judge